

FILED

JUN 17 2019

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| BOBBY FRANCIS LOWRY, | Cause No. CV 19-40-H-BMM-JTJ |
|---|---|
| Petitioner, | |
| vs. | ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| LYNN GUYER, | |
| Respondent. | |

On June 10, 2019, Petitioner Bobby Francis Lowry, filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] (Doc. 1 at 4.) Lowry is a state prisoner proceeding pro se.

I.   **Motion to Proceed In Forma Pauperis**

Lowry has moved this Court to proceed in forma pauperis. See, (Doc. 2.) After reviewing the motion and supporting account statement, it appears Lowry has sufficiently shown he cannot afford to pay all costs that may be associated with this action. Lowry's motion to proceed in forma pauperis will be GRANTED.

---

[1] Under the "prison mailbox rule" a prisoner's federal habeas petition is deemed filed when he hands it over to prison authorities for mailing to the district court. *Houston v. Lack*, 487 U.S. 266 (1988).

1

## II. 28 U.S.C. § 2254 Petition

Following the entry of *Alford* pleas to the offenses of Promotion of Prostitution and Partner or Family Member Assault in Montana's Eighth Judicial District, Gallatin County, Lowry was sentenced to the Montana State Prison for five years.[2] On September 28, 2018, Lowry applied for a transfer to New Mexico under the Interstate Corrections Compact. (Doc. 1 at 1.) New Mexico rejected Lowry's application. Although under Montana law Lowry is not considered a registered sexual offender, Lowry's proposed residence was in close proximity to a bus stop and park and thus not acceptable under the New Mexico Department of Corrections (DOC) supervision contract. *Id.* at 2; see also, (Doc. 1-1 at 5-6.) Lowry sought clarification from the trial court that his underlying conviction did not require registry as a sex offender. Lowry resubmitted his application to New Mexico; the application was denied a second time. *Id.*

Lowry alleges the New Mexico DOC violated the Privilege and Immunities Clause of the United States Constitution by denying him an interstate compact without providing the same due process and corresponding administrative hearing that is afforded to "in-state" offenders. *Id.* at 2-3. Lowry asks this Court to order the New Mexico DOC to provide him with the same privileges granted to New

---

[2] See, Montana Correctional Offender Network:
https://app.mt.gov/conweb/Offender/3021648 (accessed June 17, 2019).

2

Mexico offenders. *Id.* at 3.

### i. Analysis

In his prior habeas petition, Lowry challenged New Mexico's denial of his interstate compact application. See, *Lowry v. Salmonsen*, CV-18-106-H, Pet. (filed Dec. 3, 2018). There, Lowry claimed the imposition of sentencing/supervision conditions to be imposed upon him pursuant to the potential interstate compact transfer violated his right to due process and to be free from ex post fact. *Id.* at 3-4. This Court considered Lowry's petition and ultimately denied the petition for lack of merit. *Lowry v. Salmonsen*, CV-18-106-H, Or. (D. Mont. March 6, 2019).

Because he has already filed a federal habeas petition challenging his convictions and the corresponding denial of the interstate transfer, this Court may not review Lowry's present petition unless and until Lowry obtains leave from the Ninth Circuit Court of Appeals to file a second or successive petition. This Court must dismiss any claim which was presented in a prior habeas petition. 28 U.S.C. § 2244(b)(1). A new claim in a second or successive petition must be dismissed even if not presented in a prior habeas petition, unless the claim rests on new law, new evidence, or Petitioner's actual innocence. 28 U.S.C. § 2244(b)(2). Even in the latter circumstance, leave of the Court of Appeals is required to maintain the successive petition. 28 U.S.C. § 2244(b)(3). Thus, Lowry is required to raise his grounds for making a second or successive petition before the Ninth Circuit, in a

3

motion for leave to file a second or successive petition. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

Until Lowry obtains leave from the Ninth Circuit Court of Appeals to file a successive habeas petition, this Court lacks jurisdiction to hear his claims. *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam). The petition should be dismissed.

### ii. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

A certificate of appealability should be denied because there is no doubt this Court lacks jurisdiction and there is no basis to encourage further proceedings at

this time.

Based on the foregoing, the Court makes the following:

## ORDER

1. Mr. Lowry's Motion for Leave to Proceed in Forma Pauperis (Doc. 2) is **GRANTED**. The Clerk of Court is directed to waive payment of the filing fee.

## RECOMMENDATION

1. The Petition (Doc. 1) should be **DISMISSED** for lack of jurisdiction.

2. The Clerk of Court should be directed to enter by separate document a judgment of dismissal.

3. A certificate of appealability should be **DENIED**.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Lowry may object to this Findings and Recommendation within 14 days.[3] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

---

[3] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Lowry is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

<u>Mr. Lowry must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u> Failure to do so may result in dismissal of his case without notice to him.

DATED this 17th day of June, 2019.

                                         */s/ John Johnston*
                                         John Johnston
                                         United States Magistrate Judge